Filed 2/15/23  P. v. Cervantes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>EVA DOROTHEA CERVANTES,<br><br>    Defendant and Appellant. | C096752<br><br>(Super. Ct. No. 21CF05168) |

Defendant Eva Dorothea Cervantes appeals from her conviction for bringing an illegal substance into a jail facility, arguing the trial court erroneously imposed the upper term.  She also contends the court erred in imposing assessments and a restitution fine without considering her ability to pay and that the abstract of judgment fails to properly reflect awarded credits.  To the extent she forfeited these issues by failing to raise them below, defendant argues she received ineffective assistance of counsel.

We agree the abstract of judgment incorrectly reflects defendant's credits, but otherwise reject her claims.  Defendant forfeited her challenge to the upper term sentence

1

and the monetary obligations by not objecting below, and she has failed to carry her burden of demonstrating trial counsel's assistance was ineffective. Accordingly, we will direct the trial court to correct the abstract of judgment regarding credits, but otherwise affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2021, defendant self-surrendered in the lobby of the Butte County Jail.[1] After an interview and strip search, defendant voluntarily removed condoms from her vagina containing heroin, methamphetamine, and Suboxone.

Defendant was charged in Butte County case No. 21CF05168 (the illegal substance case) with a single count of bringing an illegal substance into a jail facility. In June 2022, defendant pled no contest in a plea agreement that left probation and sentencing up to the sole discretion of the trial court. At the same time, she pled no contest to misdemeanor passing a fictious check in a separate matter (Butte County case No. 22CM00146) (the fictious check case).

In a presentence probation report, defendant acknowledged that she was on postrelease community supervision in two other matters when she committed the illegal substance offense and that she had been treated for posttraumatic stress disorder in October 2017, which treatment she continued after being released from prison on a prior offense. The probation report also included a summary of defendant's prior criminal record, which, according to the probation officer, was "derived from the official records of the Department of Justice and/or the Federal Bureau of Investigation (FBI) through the California Law Enforcement Telecommunications System (CLETS) and supplemented, where applicable, through the records of the Butte County Superior Court."

---

[1] The parties stipulated to the probation report as the factual basis for defendant's plea.

The probation report explained that criminal disposition reports stay with a criminal matter throughout the judicial process and upon final disposition are added by the Department of Justice to individual California criminal history records, which are forwarded to the FBI.  Under rule 4.320(b) of the California Rules of Court, the reporting clerk of the Superior Court is required to " 'certify that the report submitted to the Department of Justice . . . is a correct abstract of the information contained in the court's records.' "  The probation officer therefore noted that "[t]hese official sources [were] believed to be accurate and sufficient to provide the Court a certified record of conviction for use at sentencing."

According to the report's summary of defendant's criminal history, she had five prior felonies and two misdemeanor convictions before she accrued two additional felony convictions while the illegal substance case was pending.  The illegal substance conviction was defendant's eighth felony conviction.

At the sentencing hearing in July 2022, the trial court followed probation's recommendation and the prosecutor's request to impose the upper term of three years in county prison for the illegal substance offense, plus a *concurrent* one-year term for the misdemeanor conviction in the fictious check case.  The court also resentenced defendant on two Sutter County cases for which she had originally received concurrent two-year terms:  In Sutter County case No. CRF22-0818, the court resentenced defendant to a term of eight months (one-third the midterm) for a receiving stolen property conviction; and in Sutter County case No. CRF22-0819, the court resentenced defendant to a term of eight months (one-third the midterm) for an identity theft conviction.  The trial court imposed the two terms for the Sutter County cases concurrently to each other, but consecutively to defendant's Butte County cases.  Defendant's total prison term was three years eight months; the court suspended 731 days of the county prison term to be served on a period of mandatory supervision.  The court imposed various financial obligations without objection and awarded defendant custody credits.  Defendant timely appealed.

## DISCUSSION

### I

### *Senate Bill No. 567*

The trial court selected the three-year upper term for defendant's conviction for bringing an illegal substance into a jail facility after determining that aggravating circumstances outweighed any mitigating circumstances. Specifically, the court found a single mitigating factor—that defendant resolved the matter at a relatively early stage—did not outweigh multiple aggravating factors, including that defendant had served a prior prison term and that defendant's prior convictions as an adult were numerous or increasing in seriousness and nature. Defendant challenges her upper term sentence under recently enacted Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3), which amended Penal Code[2] section 1170 to limit a court's ability to impose an upper term.

### A

### *Senate Bill No. 567's Amendments To Section 1170*

Senate Bill No. 567 (2021-2022 Reg. Sess.) amended section 1170 effective January 1, 2022, to limit the trial court's discretion to impose the upper term of a sentencing triad. As relevant here, the bill limited the trial court's discretion to impose a sentence greater than the middle term unless there are aggravating circumstances that justify doing so and the facts underlying the circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt by the trier of fact. (§ 1170, subd. (b)(1), (2), as amended by Stats. 2021, ch. 29, § 15.) "[T]he court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

---

[2] Undesignated section references are to the Penal Code.

As amended, section 1170 also now provides that "unless the court finds that aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice," the court must impose the lower term if a defendant "experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence" if such trauma "was a contributing factor in the commission of the offense." (§ 1170, subd. (b)(6).) The court must "set forth on the record the facts and reasons for choosing the sentence imposed." (§ 1170, subd. (b)(5).)

B

*Forfeiture*

Defendant contends her upper term sentence fails to satisfy the requirements of amended section 1170 because she did not stipulate to any circumstances in aggravation, no aggravating factors were found true beyond a reasonable doubt by a jury or the judge, and no certified records of her prior convictions were introduced at sentencing. But, as the People point out, defendant did not object on these grounds even though she was sentenced nearly seven months *after* Senate Bill No. 567 went into effect.

The record shows that defense counsel, the prosecutor, and the trial court were aware of Senate Bill No. 567 during the sentencing hearing because the presentence probation report expressly discussed the new legislation. The report stated: "If the aggravating factors have not been pled or proven, and there is no stipulation the Court may consider them at sentencing, [section] 1170[, subdivision] (b) . . . and Senate Bill No. 567, would constrain the Court to the middle term in this case. However, if aggravating factors before the Court include those relating to the record of conviction, the Court may consider those under the provisions of [section] 1170[, subdivision ](b)(3)." Thus, defendant could have, but did not, object that an upper term sentence did not comport with amended section 1170's new sentencing requirements. The failure to object based on changes made by Senate Bill No. 567 forfeits her appellate challenge

5

here.  (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 [" 'Claims of error relating to sentences "which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner" are waived on appeal if not first raised in the trial court' "], italics omitted.)

## C

### *Ineffective Assistance*

Attempting to avoid forfeiture, defendant argues her counsel was ineffective for failing to object.  To establish a claim for ineffective assistance of counsel, "a defendant must show that his or her counsel's performance was deficient and that the defendant suffered prejudice as a result of such deficient performance."  (*People v. Mickel* (2016) 2 Cal.5th 181, 198; see *Strickland v. Washington* (1984) 466 U.S. 668, 687-692.)  To demonstrate prejudice, a defendant must show a reasonable probability that, "but for counsel's deficient performance, the outcome of the proceeding would have been different."  (*Mickel*, at p. 198.)  We presume that "counsel's actions fall within the broad range of reasonableness, and [we] afford 'great deference to counsel's tactical decisions.' "  (*Ibid.*)

As our Supreme Court has observed, "[C]ertain practical constraints make it more difficult to address ineffective assistance claims on direct appeal rather than in the context of a habeas corpus proceeding."  (*People v. Mickel*, *supra*, 2 Cal.5th at p. 198.) This is because "[t]he record on appeal may not explain why counsel chose to act as he or she did.  Under those circumstances, a reviewing court has no basis on which to determine whether counsel had a legitimate reason for making a particular decision, or whether counsel's actions or failure to take certain actions were objectively unreasonable."  (*Ibid.*)  We will reverse only if there is affirmative evidence that counsel had no rational tactical purpose for an act or omission.  (*Ibid.*; *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266 [" ' "[if] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an

6

explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected' "].) A defendant thus bears a difficult burden when asserting an ineffective assistance claim on direct appeal. (*Mickel*, at p. 198.)

The record here is silent as to counsel's reasons, if any, for failing to object to the upper term sentence under Senate Bill No. 567. Defendant claims there was no reasonable tactical basis for trial counsel's failure to insist on a proper recitation of legally sufficient aggravating factors when no such factors were present in the record. We are not persuaded.

There could have been legitimate reasons why defense counsel may have chosen not to object. Defendant herself acknowledged during her probation interview that she had been released from prison during the COVID-19 pandemic, that she was on postrelease community supervision in two prior cases when she committed the present offense, and that the fact that she was on postrelease community supervision did not deter her from committing the new illegal substance offense. Thus, defendant essentially admitted that she had served a prior prison term, that she was on community supervision when she committed the offense, and that she was not successful when released on supervision, all of which are factors in aggravation under the applicable rules of court. (See Cal. Rules of Court, rule 4.421(b)(3)-(5).) Section 1170, subdivision (b)(2) provides that the defendant may stipulate to the factual basis for the circumstances in aggravation supporting the imposition of the upper term. Here, defendant during the plea colloquy stipulated to the factual basis for the plea, referring the court to the probation report. The report included not only facts supporting the plea to the charges but also to the aggravating factors. This was further memorialized by the signed plea form, whereby both defendant and counsel stipulated to the necessary factual basis pursuant to sections 1192.5 and 1170, subdivision (b)(2). While defendant did not stipulate to the upper term,

7

she did stipulate to the factual basis for that term and that is what is required under the law.

The probation report also included a certified copy of the abstract of judgment for defendant's two prior Sutter County cases. The certified Sutter County abstract of judgment showed that defendant had been sentenced to and was serving concurrent two-year terms in prison in those cases at the time she was sentenced here.

Section 1203 mandates that a presentence probation report be made available to the court and the prosecuting and defense attorneys at least five days prior to the hearing. (§ 1203, subd. (b)(2)(E).) Nothing in the record here shows defense counsel did not have access to the probation report with defendant's acknowledgements or the attached certified abstract of judgment showing her two prior prison sentences in the Sutter County cases. And nothing shows that defense counsel failed to fully investigate the report and its contents and attachments prior to the hearing. (*In re Brown* (2013) 218 Cal.App.4th 1216, 1223 [recognizing that criminal defense counsel's first duty is to investigate the facts of his client's case and to research the law applicable to those facts, including alleged prior convictions].)

It is thus reasonable to presume that defense counsel carried out his duties, and, after verifying the accuracy of the information included in the probation report, either by confirming the information with defendant or by checking court records, concluded that objecting under Senate Bill No. 567 would accomplish nothing more than requiring the prosecution to introduce certified records matching what defendant had already acknowledged and the probation report already detailed. (*Burt v. Titlow* (2013) 571 U.S. 12, 22-23 [under *Strickland*, "counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment' "].) In other words, defense counsel reasonably could have determined that raising a Senate Bill No. 567 objection would merely prolong the sentencing proceeding but would not change the ultimate outcome. (*People v. Price*

8

(1991) 1 Cal.4th 324, 387 [defense counsel does not render ineffective assistance of counsel by declining to make objections that counsel reasonably determines would be futile].) Because a reasonable tactical basis for the absence of an objection cannot be excluded, defendant has failed to carry her heavy burden on direct appeal to show her counsel provided ineffective assistance.

## II

### *Fees and Fines*

At defendant's sentencing hearing in July 2022, the trial court ordered her to pay a $900 restitution fine, a $40 court operations assessment, and a $30 criminal conviction assessment in the illegal substance case. Defense counsel did not object to the imposition of these sums or request a hearing on defendant's ability to pay them, and the trial court did not inquire into or make a finding on defendant's ability to pay these assessments and fine.

Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157, decided several years before defendant's sentencing hearing, defendant argues that the trial court violated her right to due process by imposing these financial obligations without first finding she had the ability to pay them. Defendant also asserts that the restitution fine is excessive under the Eighth Amendment and that it violates equal protection. Defendant concedes she did not raise these objections below, but she again asserts her counsel was ineffective for failing to do so.

The absence of a timely objection on ability to pay grounds forfeits her challenges to the restitution fine and assessments. (*People v. Flowers* (2022) 81 Cal.App.5th 680, 687, review granted Oct. 12, 2022, S276237; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153-1154; *People v. Greeley* (2021) 70 Cal.App.5th 609, 624.) *Dueñas* was decided nearly three years *before* defendant's sentencing hearing in July 2022. Defendant was thus long on notice of the decision in *Dueñas* and, therefore, her failure to

9

object to the assessments and restitution fine, or request an ability to pay hearing, forfeits the issue.

Defendant's Eighth Amendment and equal protection claims are similarly forfeited based on her failure to raise them below. (See e.g., *People v. McCullough* (2013) 56 Cal.4th 589, 592-593 [constitutional challenge to booking fee forfeited]; *People v. Torres* (2019) 39 Cal.App.5th 849, 860 & fn. 4 [excessive fines claim forfeited in absence of timely objection].) As *McCullough* makes clear, forfeiture principles apply to constitutional claims. (*McCullough*, at p. 593; see also *In re Sheena K.* (2007) 40 Cal.4th 875, 880-881 [" ' "[n]o procedural principle is more familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it" ' "].)

Defendant's alternative ineffective assistance claim is equally unavailing. Although the record here is silent as to counsel's reasons, if any, for not making an inability to pay argument below, we cannot say that counsel had no conceivable tactical purpose for omitting such an objection.

While the record shows defendant may have been unemployed at the time of sentencing because she was already incarcerated on a previous matter, " '[a]bility to pay does not necessarily require existing employment or cash on hand.' " (*People v. Frye* (1994) 21 Cal.App.4th 1483, 1487.) The court could have considered her future ability to pay the assessments and restitution fine. (See e.g., *People v. Kramis* (2012) 209 Cal.App.4th 346, 350 [when determining inability to pay for purposes of imposing a fine that exceeds the statutory minimum, a trial court may consider a defendant's future earning capacity]; *Frye*, at pp. 1486-1487 ["trial court is not limited to a consideration of a defendant's present financial circumstances; rather, the court may consider the future financial prospects of a defendant" when imposing fees and fines].) This includes wages she might earn while incarcerated. (§ 2700 ["The Department of Corrections shall

10

require of every able-bodied prisoner imprisoned in any state prison as many hours of faithful labor in each day and every day during his or her term of imprisonment as shall be prescribed by the rules and regulations of the Director of Corrections"]; *People v. Ramirez* (1995) 39 Cal.App.4th 1369, 1377 [sentencing court may consider a defendant's future ability to pay, including his ability to earn wages while in prison].)

Defendant was only 41 years old, in relatively good health, and had a prior work history with various job skills, including "[c]ook, food prep, cashier, maintenance, [and] child care."  During her probation interview, defendant said she had "passed the pretest" for her general education diploma while she was in prison, that she was firefighter certified, and that she would like to attend college to study phlebotomy or another trade in the medical field.  It is not clear from the record that any medical issues or defendant's relatively short three-year eight-month sentence, a portion of which was to be served on mandatory supervision, would impede defendant's future ability to earn money to pay the imposed assessments and fine, either while she was in prison or once she was released on community supervision.

Because the record does not affirmatively exclude a rational basis for counsel's omission, defendant fails to establish ineffective assistance of counsel.

III

*Abstract of Judgment*

Defendant contends the abstract of judgment incorrectly reflects the credits the trial court awarded in Sutter County case Nos. CRF022-0818 and CRF22-0819. Although the abstract properly shows the total number of credit days awarded for each case (237 days), defendant asserts it incorrectly lists the actual and conduct credits in each case and improperly references section 2933.1, which does not apply.  We agree.

"Courts may correct clerical errors at any time," including ordering the correction of an abstract of judgment that does not accurately reflect the oral judgment of a sentencing court.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

11

Here, the probation officer explained at the sentencing hearing that defendant had 62 days of actual and 62 days of conduct credit for the present Butte County case, and, for each of the Sutter County cases, defendant had served 14 actual days of presentence custody and had 14 days of presentence conduct credit under section 4019. Because defendant had already commenced serving her sentence in both Sutter County cases when she was sentenced in the present case, she was also entitled to 105 actual days as a county prisoner and 104 days of postsentence conduct credit when the court resentenced her in the Sutter County cases. The trial court ordered credits for time served as recited by the probation officer.

To accurately reflect the court's oral pronouncement of judgment regarding credits, then, the credit for time served box on the abstract of judgment should state: Case A (Butte County case No. 21CF05168) 124 total credits with 62 actual days and 62 conduct days; Case B (Sutter County case No. CRF22-0818) 237 total credits with 119 actual days and 118 conduct days; Case C (Sutter County case No. CRF22-0819) 237 total credits with 119 actual days and 118 conduct days. The reference to section 2933.1 regarding the credits awarded in Case B and Case C must be deleted because it does not apply; neither of defendant's felony convictions in the Sutter County cases constitute violent felonies. We shall order the abstract of judgment corrected accordingly.

12

DISPOSITION

The judgment is affirmed. The clerk of the trial court is directed to correct the abstract of judgment to show that the trial court awarded defendant 237 days of total credit each in Sutter County case Nos. CRF22-0818 and CRF22-0819, which consists of 119 days of actual credit and 118 days of conduct credit pursuant to section 4019 instead of section 2933.1. The clerk shall forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


/s/
ROBIE, Acting P. J.


We concur:


/s/
MAURO, J.


/s/
McADAM, J.*

---

*      Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13