Filed 8/14/13

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

In re JAMALL BROWN,

on Habeas Corpus.

B245677

(Los Angeles County
Super. Ct. No. TA117056)

_____

Petition for writ of habeas corpus; relief granted.  Arthur Lew, Judge.

Linda L. Gordon, under appointment by the Court of Appeal, for Petitioner.

Kamala D. Harris, Attorney General; Dane R. Gillette, Chief Assistant Attorney General; Lance E. Winters, Senior Assistant Attorney General; James William Bilderback II, Supervising Deputy Attorney General; Kathy S. Pomerantz, Deputy Attorney General, for Respondent.

**INTRODUCTION**

Defendant Jamall Brown was charged with assault with a deadly weapon and vandalism. The information contained a prior strike allegation asserting that Brown had previously suffered a juvenile adjudication for robbery in violation of Penal Code, section 211. After the jury convicted Brown of vandalism, he discussed the strike allegation with his attorney and agreed to admit the strike. As a result of the admission, the trial court doubled Brown's prison term.

Following his conviction, Brown's appellate counsel obtained the record of the juvenile proceedings and discovered that the defendant's sustained adjudication did not qualify as a strike. Brown filed a petition for a writ of habeas corpus arguing that his trial counsel rendered ineffective assistance by failing to investigate the validity of the prior strike allegation. We previously issued an order to show cause and now grant the petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

*A. Trial Court Proceedings*

On June 7, 2011, the District Attorney for the County of Los Angeles filed an information charging Jamall Brown with one count of assault with a deadly weapon (Penal Code, § 245, subd. (a)(1)[1]) and one count of vandalism resulting in damage over $400 (§ 594, subd. (a).) The information further alleged that, in March of 2006, Brown had sustained a juvenile adjudication for robbery (§ 211), which qualified as a "serious" or "violent" felony under California's Three Strike law (see §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)[2] Brown pleaded not guilty to the charges and denied the prior strike allegation.

---

[1]     All further statutory citations are to the Penal Code unless otherwise indicated.

[2]     The information also charged Brown with one count of assault by means likely to cause great bodily harm, which the prosecutor dismissed before trial, and further alleged

On November 9, 2011, the jury acquitted Brown of assault with a deadly weapon and found him guilty of vandalism. After discussing the prior strike allegation with his client, defense counsel informed the court that Brown intended to admit the strike. The prosecutor proceeded to take the admission, stating: "You have one prior conviction for a robbery. It's a sustained adjudication, for robbery in the meaning of 1170.12 (a) through (d) and 667(b) through (i), in case number JJ13722 for robbery on or about March 24th, 2006 . . . , do you admit?" Brown admitted the allegation and his counsel joined the admission.[3]

Prior to sentencing, Brown filed a "*Romero* motion" to dismiss the prior juvenile adjudication strike. (See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.) The court denied the motion and sentenced Brown to two years in prison for vandalism, which it doubled to four years based on the strike admission. Brown filed a timely appeal.

### B. *Post-Conviction Investigation and Petition for Habeas Corpus*

Following the entry of judgment, Brown's appellate counsel, Linda Gordon, began researching the juvenile adjudication underlying the strike allegation. Gordon contacted Brown's trial counsel and asked him whether the prosecution had provided any documents to prove the strike. Trial counsel stated that the district attorney had shown him a document, but he could not recall its contents. Gordon reviewed the superior court record and was unable to locate any document pertaining to the juvenile adjudication.

Two weeks later, Gordon obtained the case file of the juvenile proceeding, which contained a copy of the original petition and two minute orders. The original petition, dated February 6, 2006, alleged a single count against Brown for robbery (§ 211). However, a minute order dated March 13, 2006 amended the petition to add a count for

that he had suffered two other prior convictions that rendered him ineligible for probation. (§ 1203, subd. (e)(4).)

[3] Defense counsel initially requested "a hearing regarding the juvenile strike and whether it applies," but subsequently withdrew the request and joined in the admission.

grand theft (§ 487, subd. (c) [theft from a person].) A second minute order, dated March 24, 2006, was the disposition showing that the juvenile court had sustained the grand theft charge pursuant to Brown's admission and dismissed the remaining count for robbery.

Gordon attempted to obtain a transcript of the March 13 and March 26 hearings to confirm that the sustained adjudication had been for grand theft only. After receiving an affidavit stating there were no notes available to transcribe for either of the hearing dates, Gordon filed an application in this court requesting permission to seek a settled statement regarding the juvenile court adjudication. We granted the request and directed the superior court to hold a hearing for the purpose of settling the juvenile record. During that hearing, the district attorney conceded that the March 26, 2006 minute order showed Brown had admitted to grand theft in violation of section 487, subdivision (c), and that the robbery charge was dismissed. The trial court ordered the clerk to prepare a supplemental clerk's transcript for this case containing copies of the two juvenile court minute orders and a transcript of the settlement hearing.

Gordon thereafter sent Brown's trial counsel correspondence requesting that he: (1) summarize his investigation of the prior strike allegation; and (2) explain why he had advised his client to admit the prior strike allegation. Based on trial counsel's responses to her inquiry, Gordon drafted a declaration and asked counsel to review and sign the document. After further discussions with trial counsel, Gordon revised the declaration and again requested that he review and sign it. Trial counsel, however, declined to sign either of the draft declarations and provided a letter stating the following: "Rather than making changes to the proposed statements you mailed to me, I think it makes better sense to write my own, so that you have an accurate understanding of my position with regard to the handling of the alleged prior in Jamall Brown's case. I reviewed the portion of the hearing transcript for the date [on which Brown admitted the prior strike] . . . and believe it accurately reflects the fact that I spent quite some time discussing the issue of the alleged juvenile prior with Jamall Brown, along with his rights pertaining to the alleged prior, after he was acquitted by the jury of Assault with a Deadly Weapon and

4

found guilty of Vandalism. It was after that lengthy discussion, which took place between Jamall Brown and I in court, that Jamall Brown decided to admit the juvenile prior alleged. I do not recall the contents of the juvenile packet the prosecutor had, as the trial was quite some time ago, and I have tried many cases since, and I was not provided with a copy of it."

On December 13, 2012, Brown filed a petition for habeas corpus arguing that his trial counsel provided ineffective assistance by failing to conduct an adequate investigation of the prior strike allegation and advising him to admit a strike he did not suffer. The petition requested, among other things, that this Court strike the sentence enhancement predicated on the erroneous strike admission.

In support of the petition, Brown provided a declaration stating that, in March of 2006, he was charged with robbery and had agreed to admit an allegation in the juvenile court upon the advice of his public defender. Brown's declaration further stated that, at the time he admitted the prior strike allegation in this matter, he was unaware of the true nature of his juvenile adjudication. He agreed, however, to follow trial counsel's recommendation to admit that the sustained juvenile petition was for robbery. According to Brown, he would not have made the admission if he had known his juvenile adjudication did not qualify as a prior strike conviction.

The habeas petition was also accompanied by a declaration from Linda Gordon summarizing her investigation of the prior juvenile adjudication. The declaration was accompanied by several exhibits, which included her correspondence with Brown's trial counsel and the draft declarations trial counsel had elected not to sign. On March 15, 2013, we issued an order to show cause.[4]

---

[4]  Brown filed the opening brief in his direct appeal (Case No. B238376) on the same day he filed his habeas petition. The appeal raises the same claim for ineffective assistance of counsel set forth in the petition. Because our Supreme Court has directed that such a claim should generally be made in a petition for writ habeas corpus, rather than on direct appeal (see *People v. Cunningham* (2001) 25 Cal.4th 926, 1031), we address Brown's habeas petition and dismiss his direct appeal as moot by a separate order.

**DISCUSSION**

"Under both the Sixth Amendment to the United States Constitution and article I, section 15, of the California Constitution, a criminal defendant has the right to the assistance of counsel." (*People v. Ledesma* (1987) 43 Cal.3d 171, 215 (*Ledesma*).) To establish constitutionally inadequate representation, a defendant must demonstrate two components: "First, he must show that counsel's performance was deficient; specifically, he must establish that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. Second, he must establish prejudice. He must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. . . . Defendant has the burden of proving an ineffective assistance claim by a preponderance of the evidence. [Citation.]" (*People v. Plager* (1987) 196 Cal.App.3d 1537, 1542-1543 (*Plager*).) Generally, a reviewing court will reverse a conviction "on the ground of inadequate counsel only if the record . . . affirmatively discloses that counsel had no rational tactical purpose for his act or omission.' [Citation.]" (*Ibid.*)

Brown argues that his trial counsel provided ineffective assistance by failing to adequately investigate the validity of the strike allegation and allowing him to admit a strike he did not suffer. The Attorney General concedes that Brown's juvenile adjudication was for grand theft (§ 487, subd. (c)), not robbery, and therefore did not constitute a "serious" or "violent" felony conviction within the meaning of the Three Strikes law.[5] She also does not dispute that Brown, whose sentence was doubled as a

---

[5] Section 667, subdivision (d)(3) describes the circumstances under which a prior juvenile adjudication constitutes a strike. The subdivision requires the prosecution to prove, among other things, that: (1) the juvenile adjudication was for an offense listed in either Welfare and Institutions Code section 707, subdivision (b), Penal Code section 667.5, subdivision (c) or Penal Code section 1192.7; and (2) during the same juvenile proceeding, the juvenile was found to have committed at least one offense listed in Welfare and Institutions Code section 707, subdivision (b). Thus, where, as here, the juvenile adjudication involved a single offense, the offense must appear in Welfare and Institutions Code section 707, subdivision (b) to qualify as a prior strike. Robbery is

6

result of the erroneous admission, was prejudiced by his trial counsel's conduct. (See *Plager, supra*, 196 Cal.App.3d at pp. 1543-1544 [defendant suffered clear prejudice by counsel's failure to inform him district attorney could not prove prior strike allegation].) The Attorney General contends, however, that we should nonetheless deny Brown's petition for habeas relief because his counsel's investigation into the nature of the juvenile adjudication was objectively reasonable under prevailing professional norms.

### A. Defense Counsel's Duty to Investigate Prior Conviction Allegations

"Criminal defense counsel has the duty to investigate carefully all defenses of fact and of law that may be available to the defendant." (*In re Hill* (2011) 198 Cal.App.4th 1008, 1016; see also *Ledesma, supra,* 43 Cal.3d at p. 222 ["[c]ounsel's first duty is to investigate the facts of his client's case and to research the law applicable to those facts"].) "Before entering his plea, [a defendant is] 'entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered.' [Citation.] The attorney's role in investigating the facts and researching the applicable law prior to advising the petitioner to plead becomes particularly important because of the serious consequences of a guilty plea[,which] . . . is itself a conviction." (*In re Williams* (1969) 1 Cal.3d 168, 175.) "If counsel's 'failure [] to undertake such careful inquiries and investigations [] results in withdrawing a crucial defense from the case, the defendant has not had the assistance to which he is entitled.' [Citation.]" (*In re Saunders* (1970) 2 Cal.3d 1033, 1042; *People v. Pope* (1979) 23 Cal.3d 412, 422.) The adequacy of a counsel's investigation is "assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." (*Strickland v. Washington* (1984) 466 U.S. 668, 691; *In re Thomas* (2006) 37 Cal.4th 1249, 1257-1258.)

---

listed in section 707, subdivision (b), but grand theft is not. Although the Attorney General asserts that there are circumstances under which a conviction for grand theft might qualify as a prior strike, it expressly concedes that no such circumstances are present here and that Brown's prior adjudication therefore does not qualify as a strike.

Defense counsel's duty to investigate extends to prior conviction allegations that, if proven, may increase the defendant's sentence. Thus, "[w]henever a sentence is enhanced . . . due to a prior conviction, it is counsel's obligation to examine the validity of the prior or underlying conviction." (See *People v. Cotton* (1991) 230 Cal.App.3d 1072, 1084.) In *Plager, supra*, 196 Cal.App.3d 1537, the court applied these principles in holding that defense counsel provided ineffective assistance by failing to advise his client that the prosecution would be unable to establish two prior strike allegations for "residential burglary." The defendant had agreed to admit both strike allegations after "consulting with his attorney" (*id*. at p. 1542), which resulted in a 10-year sentence enhancement. The records of the prior convictions, however, demonstrated that both offenses were actually for "second degree burglary," which did not qualify as a strike. At the time the attorney advised the defendant to admit the strike allegations, the law was clear that a conviction for second degree burglary was insufficient to prove residential burglary (which would qualify as a strike) "even if the pleadings included superfluous allegations to that effect." (*Ibid*.)

After summarizing defense counsel's duty to investigate, the court found that the attorney's conduct constituted ineffective assistance: "Inasmuch as [defendant's] admissions were not part of a sentence understanding, or part of a plea bargain, . . . [t]here could have been no valid reason, tactical or otherwise, for trial counsel to have advised defendant to admit the prior felony allegations which would and did subject him to 10 additional years of imprisonment. If, knowing the law, he advised or even permitted defendant to admit the truth of the allegations, there can be no satisfactory explanation for his conduct; if he was unaware of the applicable law . . . he breached his duty to investigate all defenses of fact and law available to his client." (*Plager, supra*, 196 Cal.App.3d at p. 1543.) The court further concluded that the defendant had established prejudice, explaining "it cannot be reasonably argued that had defendant been aware the People could not prove the allegations, he would have voluntarily accepted the 10-year enhancement." (*Ibid*.)

Federal courts applying the Sixth Amendment right to counsel have found ineffective assistance under analogous circumstances. In *Lewis v. Lane* (7th Cir. 1987) 832 F.2d 1446, the defendant filed a petition for habeas corpus arguing that his trial counsel had provided ineffective assistance during the sentencing phase of a capital proceeding. The applicable state law required the jury to consider whether any mitigating factors precluded the imposition of the death penalty, which included the absence of any "significant history of prior criminal activity." (*Id*. at p. 1454, fn 3.) Prior to the hearing on mitigating circumstances, the prosecutor asked defense counsel if he would "stipulate to the existence of four prior felony convictions on the basis of information contained in an 'FBI rap sheet.'" (*Id*. at p. 1455.) The rap sheet listed convictions for attempted felonious assault with a knife, felonious assault with a tire iron, second degree bank robbery and bank robbery. Defense counsel "showed the 'rap sheet' [to the defendant] and asked him if it were accurate." (*Ibid*.) The defendant told his counsel "he thought the information was correct. . . . On the basis of [this] response, [counsel] agreed to stipulate to the existence of the . . . convictions despite the fact that the State did not have certified records of the [prior] convictions and could not have proved their existence had they been requested or required to do so." (*Ibid*.) Based on the parties' stipulation, the trial court permitted the prosecutor to inform the jury of the four prior convictions, which the prosecutor emphasized during closing arguments. Defendant was sentenced to death.

The appellate court held that defense counsel had provided ineffective assistance, characterizing his representation as "'shockingly inferior.'" (*Lewis, supra,* 832 F.2d at p. 1458.) The court explained that rather than insisting on "actual proof of those convictions in the form of certified copies," defense counsel had improperly "relied on [defendant's] uninformed representation that he thought the information contained in the 'FBI rap sheet' was accurate, without explaining to [defendant] the importance of that information and the critical distinctions between arrest and conviction and between felony and misdemeanor." (*Ibid*.) The court further concluded that the defendant "was actually prejudiced by the [counsel's] regrettable representation with respect to the erroneous . . . convictions," adding that "'counsel's conduct [had] so undermined the

9

proper functioning of the adversarial process that the [capital sentencing proceeding] [could not] be relied on as having produced a just result." (*Ibid.* [citing *Strickland, supra,* 466 U.S. at p. 696 [in applying two-part test applicable to claims for ineffective assistance, court's "ultimate focus of inquiry must be . . . whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce"].)

Similarly, in *Banyard v. Duncan* (C.D. Cal. 2004) 342 F.Supp.2d 865 (*Banyard*), an information contained a prior strike allegation asserting that the defendant had previously pleaded guilty to assault with a firearm in violation of Penal Code section 245, subdivision (a)(2). On the advice of his counsel, the defendant admitted the strike and his sentence was enhanced accordingly. The defendant's prior record of conviction, however, demonstrated he had previously pleaded guilty to section 245, subdivision (a)(1): assault with a deadly weapon or assault with intent to cause great bodily injury. Under the controlling case law, to establish that such an offense qualified as a strike, the district attorney would have had to show the defendant actually inflicted great bodily injury or used a firearm or other dangerous weapon. Defendant's record of conviction contained no evidence demonstrating either of those factors, which would have precluded the prosecution from establishing the strike allegation absent defendant's erroneous admission.

The district court concluded that, under such circumstances, defense counsel had provided ineffective assistance by "fail[ing] to investigate whether [defendant's] prior felonies constituted strikes and to advise [defendant], without having conducted such an investigation, to admit to those prior strikes." (*Banyard, supra*, 342 F.Supp.2d at p. 886.)

### B. Trial Counsel Failed to Conduct a Proper Investigation of Brown's Prior Conviction

In this case, trial counsel provided a letter explaining that he permitted Brown to admit the prior strike allegation based on: (1) a packet of materials the prosecution had provided to him at trial, and (2) information that Brown provided to him during their

10

discussion of the juvenile adjudication. Under the circumstances of this case, counsel's reliance on these two forms of evidence did not constitute an adequate or reasonable investigation into the validity of the prior strike allegation.

First, neither trial counsel nor the Attorney General has identified what documents the prosecutor intended to rely on in proving the strike allegation. In fact, no party has produced or alleged the existence of any document that would have established (or been admissible to establish) Brown's prior juvenile adjudication was for robbery, rather than grand theft. Generally, the truth of a prior conviction allegation may be established only by documents within the record of the prior conviction that reliably reflect the facts of the prior offense. (*People v. Trujillo* (2006) 40 Cal.4th 165, 177-180 (*Trujillo*); *People v. Roberts* (2011) 195 Cal.App.4th 1106, 1126.) The only relevant documents within Brown's prior juvenile adjudication consist of: (1) the original petition, which charged Brown with a single count of robbery;[6] (2) a minute order amending the original juvenile petition to add a single count of grand theft in violation of section 487, subdivision (c); and (3) a minute order sustaining the grand theft count and dismissing the robbery count. As the district attorney acknowledged at the settled statement hearing in the trial court, not only do these documents fail to prove that the juvenile petition was sustained against Brown for robbery or any other offense that would qualify as a strike, they conclusively demonstrate that the prior adjudication did not qualify as a prior strike offense.

The Attorney General, however, contends that Brown's defense counsel might have reasonably relied on two other documents in concluding that the prior adjudication was for robbery: the information filed against Brown in this case and his pre-conviction probation report, each of which contain an erroneous allegation that Brown's juvenile adjudication was for robbery. We fail to see how defense counsel could have reasonably

---

**6** The record in this case does not contain a copy of this original petition and Brown's trial counsel has never asserted that he saw the original petition. The petition, however, is referenced in a declaration from Linda Gordon and an unsigned declaration she prepared for trial counsel. Moreover, both parties reference the original petition in their briefs. Therefore, for the purposes of this habeas petition, we will assume that the original petition was within the record of the prior conviction.

11

relied on either of these documents in concluding that the strike allegation was valid. The information merely contains allegations regarding the nature of Brown's juvenile adjudication. Defense counsel has a duty to investigate allegations made against his client, not merely assume their truth. The probation report, on the other hand, contains multiple layers of hearsay and was not a part of the "record of conviction" in the juvenile proceeding. As a result, it could not have been admitted to prove the prior conviction. (See *Trujillo, supra*, 40 Cal.4th at p. 176 ["in determining the truth of a prior conviction allegation, the trier of fact may 'look . . . to the entire record of the conviction' [citation] 'but no further' [citation]"].) In sum, neither the record in this case nor the record of the prior conviction contain any document that trial counsel could have reasonably relied upon in concluding that his client's juvenile adjudication qualified as a strike.

The only remaining information available to trial counsel regarding the nature of the prior conviction was Brown's "acknowledgment that he had a juvenile sustained petition for robbery."[7] The Attorney General contends that defense counsel was entitled to rely on this information in advising his client to admit the prior strike allegation. In support, she cites the general proposition that "'[t]he reasonableness of counsel's actions may be determined or substantially influenced by . . . . information supplied by the defendant. . . . [W]hat investigation decisions are reasonable depends critically on such information.' [Citation.] Thus, a defendant can hinder counsel's investigation not only through affirmative statements, but also by remaining silent or failing to disclose pertinent information to counsel." (*In re Crew* (2011) 52 Cal.4th 126, 148 (*Crew*).) Courts have generally utilized these principles to deny ineffective assistance claims predicated on inadequate investigation in cases where defendants have affirmatively misrepresented or failed to disclose facts that they would reasonably be expected to know. (See *People v. Burnett* (2003) 110 Cal.App.4th 868, 884 ["It is not defense

---

**7** Although the parties have presented no evidence establishing that Brown actually told his trial counsel that the juvenile adjudication was for robbery, rather than grand theft, both parties appear to assume the truth of this assertion. We will therefore do the same.

counsel's fault that defendant lied to him" regarding the manner in which the victim was injured]; *Crew, supra*, 52 Cal.4th at pp. 148-149 [failure to investigate childhood sexual abuse did not constitute ineffective assistance where defendant repeatedly informed counsel that his childhood had been normal and that he had not experienced any problems].)

Our Supreme Court has clarified that "[w]hether a defendant's statements actually hindered trial counsel's investigation depends upon the circumstances of each case. [Citation.]" (*Crew, supra,* 52 Cal.4th at p. 148.) Under the circumstances here, we conclude defense counsel could not reasonably rely solely on Brown's characterization of his juvenile adjudication in investigating the prior strike allegation. There are several reasons for our conclusion.

First, given the complexities of the Penal Code and the Three Strikes law, it was not reasonable for trial counsel to assume that his non-lawyer client had the specialized knowledge to understand the specific crime or section of the Penal Code in his prior adjudication as a juvenile.[8] Nor was it reasonable for trial counsel to assume his client could accurately recall exactly what offense or section of the Penal Code was sustained against him in a proceeding that occurred five years prior, when the defendant was only 16-years old.

Second, even if trial counsel had a reasonable basis for believing Brown could accurately recall the specific offense underlying his prior adjudication, counsel had a duty to ensure that the prosecution possessed evidence that would be sufficient to prove the prior strike allegation. In this case, defense counsel could have fulfilled this duty by simply asking the prosecution to provide documentation establishing the truth of the prior

---

[8]     Brown allegedly informed his counsel that his prior adjudication was for "robbery," when in fact he was convicted of grand theft. Robbery is """"a species of aggravated [theft]""" that """"includes the additional element of force or fear." [Citation.]' [Citation.]" (*People v. Ortega* (1998) 19 Cal.4th 686, 694 [overruled on another point in *People v. Reed* (2006) 38 Cal.4th 1224].) It is not reasonable to assume that a non-lawyer, even an adult, would appreciate the nuanced differences between these offenses or know that they are treated differently under the Three Strikes law.

strike allegation. As explained above, no party has identified or alleged that any such evidence existed. Had trial counsel requested a copy of Brown's record of conviction–as Brown's appellate counsel did–he would have determined that his client did not suffer a prior strike conviction.

Finally, as in *Plager*, it is apparent from the record that Brown's erroneous admission was not part of a plea bargain or other sentencing agreement that might have benefitted Brown; instead the admission served only to double his prison term. Thus, there could have been no possible valid reason, tactical or otherwise, for trial counsel to permit his client to admit a strike he did not suffer. If trial counsel was actually shown the record from the juvenile proceeding–which demonstrates that Brown's prior adjudication was for grand theft–there can be no satisfactory explanation as to why counsel would have advised or permitted Brown to admit that he was previously convicted of robbery. If, as the record suggests, counsel relied solely on uncorroborated statements in documents that would have been inadmissible to prove the prior conviction and Brown's own description of the offense, he breached his duty to investigate all defenses of fact and law available to his client.

The Attorney General has not identified any authority suggesting that, in the absence of documentary proof establishing a prior strike allegation, defense counsel may properly advise his client to admit the strike based solely on the client's own recollections as to what occurred at the prior proceeding. We reject that argument. Indeed, we agree with the Seventh Circuit's holding in *Lewis*, which involved essentially identical facts, that such conduct "'so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result.'" (*Lewis, supra,* 832 F.2d at p. 1458.) We therefore strike defendant's erroneous admission of the prior strike allegation and remand the matter to the trial court for a new sentencing hearing.

## DISPOSITION

The petition for writ of habeas corpus is granted.  The trial court is directed to strike petitioner's admission of the prior strike allegation, and to proceed to resentence petitioner.  The clerk of this court is to forward a copy of this opinion to the State Bar of California.  (Bus. & Prof. Code, § 6086.7, subd. (a)(3).)


ZELON, J.

We concur:


PERLUSS, P. J.


SEGAL, J.[*]

_____

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.