Filed 4/29/14  P. v. Wilson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059824 |
| v. | (Super.Ct.No. FVW032243) |
| GARY ALLEN WILSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Gary Allen Wilson filed a petition for resentencing

1

pursuant to Penal Code section 1170.126.**1** The court denied the petition. After

defendant's counsel filed the notice of appeal, this court appointed counsel to represent

defendant on appeal.**2** Counsel has filed a brief under the authority of *People v. Wende*

(1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a

statement of the case, a brief statement of the facts, and identifying one potentially

arguable issue: whether a possible habeas corpus claim exists based on whether defense

counsel's purportedly erroneous advice to defendant convinced defendant to admit that

his prior conviction constituted a strike, when it allegedly did not.

We offered defendant the opportunity to file a personal supplemental brief, which

he has done. In his brief, defendant argues his trial counsel rendered constitutionally

ineffective assistance of counsel (IAC) by advising him to admit that his prior conviction

constituted a strike, when it did not. Defendant additionally contends appellate counsel

has rendered IAC by failing to file a habeas corpus petition raising the issue. Defendant

attached to his supplemental brief a petition for writ of habeas corpus attacking the

---

**1** All further statutory references are to the Penal Code unless otherwise indicated.

**2** We note the appealability of the denial of a section 1170.126 petition is currently being considered by the Supreme Court. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [appealable].) Even if we were to conclude it was a nonappealable order, we could consider, in the interest of judicial economy and because of uncertainty in the law, that defendant's appeal is a petition for writ of habeas corpus or writ of mandate. (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 852-853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].) In any event, we will assume the order is appealable and review defendant's appeal.

constitutional validity of his plea due to trial counsel's alleged IAC. By order dated April 9, 2014, we ordered defendant's petition for writ of habeas corpus detached from the supplemental brief and filed as a separate case to be separately determined. We affirm the judgment.

## PROCEDURAL HISTORY

On May 2, 2005, defendant pled guilty to robbery (count 1; § 211), admitted a prior serious felony conviction (§ 667, subd. (a)(1)) and a prior strike conviction (§§ 667, subds. (b)-(i), 1170, subds. (a)-(d)). In return, the People moved to dismiss additional charges. The People also moved to dismiss an enhancement allegation attached to count 1 that defendant had personally used a deadly weapon (§ 12022, subd. (b)(1)), had sustained an additional prior strike conviction (§§ 667, subds. (b)-(i), 1170, subds. (a)-(d)), had sustained an additional prior serious felony conviction (§ 667, subd. (a)(1)), and had sustained two prior prison terms (§ 667.5, subd. (b)). The court sentenced defendant, according to his plea agreement, to a determinate term of 15 years' incarceration consisting of the aggravated term of five years on the robbery offense, doubled pursuant to the prior strike conviction, and a consecutive five years on the prior serious felony conviction. Defendant did not appeal his conviction.

On August 19, 2013, defendant filed a petition for resentencing pursuant to section 1170.126. The court denied the petition finding "that [defendant] does not satisfy the criteria in [section] 1170.126[, subdivision] (e) and is not eligible. [¶] Defendant was not sentenced as a '3 striker'. [¶] Defendant received a determinate term[.] [Section] 1170.126 does not apply to such a '1 strike' determinate sentence."

3

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues. (§ 1170.126 ["The resentencing provisions under this section and related statutes are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment"]; *People v. Vines* (2011) 51 Cal.4th 830, 875-876 ["If the record on appeal ""'sheds no light on why counsel acted or failed to act in the manner challenged[,] the claim on appeal must be rejected,"' and the 'claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding'"]; See *In re Brown* (2013) 218 Cal.App.4th 1216, 1222 [the proper procedure for challenging the ostensibly erroneous admission of a prior strike conviction based on defense counsel's purported IAC is the filing of a petition for writ of habeas corpus].)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


RAMIREZ
P. J.


HOLLENHORST
J.

4