Filed 5/9/23 P. v. Vessey CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----

| | |
|---|---|
| THE PEOPLE, | C097680 |
| Plaintiff and Respondent, | (Super. Ct. No. CR64380) |
| v. | |
| COURTNEY ELISE VESSEY, | |
| Defendant and Appellant. | |

Defendant Courtney Elise Vessey appeals an upper term prison sentence imposed following her no contest plea to felony child endangerment. Defendant complains: (1) the trial court's noncompliance with the changes brought about by Senate Bill No. 567 (2021-2022 Reg. Sess.) requires reversal for resentencing; (2) her counsel was ineffective for not raising Senate Bill No. 567 at the December 12, 2022 sentencing hearing; and (3) we must clarify the record by correcting the trial court's inaccurate statement that defendant would be subject to parole for three years following her release from custody.

1

Because defendant forfeited her challenge to imposition of the upper term and has not shown defense counsel rendered ineffective assistance, we cannot accept the parties' agreement to remand for resentencing. Moreover, we decline defendant's invitation to modify the trial court's inaccurate advisement of the future parole term and will instead affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The People's information filed October 5, 2022, alleged defendant committed child endangerment with a great bodily injury of a child enhancement (count I), possession of a controlled substance (counts II & III), and possession of drug paraphernalia (count IV). On October 31, 2022, defendant resolved the matter through an open plea of no contest to count I. In exchange, the remaining counts and the enhancement were dismissed.

The stipulated factual basis for the plea was the preplea probation report. According to the report, defendant told responding authorities her infant daughter may have ingested fentanyl from a piece of foil later recovered from defendant's pocket following her detention. The incident occurred in a hotel room paid for by a third party who regularly paid defendant for sex and was sleeping when the incident occurred. A search of the hotel room's bathroom revealed small amounts of fentanyl, methamphetamine, and marijuana, as well as a digital scale, a used methamphetamine pipe, two loaded syringes containing blood and methamphetamine, and other paraphernalia related to narcotics. Defendant told probation her daughter had been born on drugs, but that she had successfully closed her child protective services case before her daughter was six months old. If provided a second chance, defendant intended to attend inpatient treatment.

The preplea probation report recommended against a grant of probation, instead arguing in favor of an upper term prison sentence. The report identified the victim's vulnerability, that defendant's convictions were numerous and increasing in seriousness,

2

that defendant was on probation when the offense occurred, and that defendant's prior performance on probation had been unsatisfactory as reasons to impose the upper term.

At the sentencing hearing on December 12, 2022, defendant testified in support of her request for a grant of probation. Defendant was staying at a hotel with her one-year-old child who was capable of crawling. She placed foil containing remnants of drugs in a trash can in that room. The child found the foil and put it in her mouth. When defendant noticed, she removed the foil, but the child stopped moving, stopped breathing, and her body became stiff. Defendant took the child to her car to retrieve her Narcan and administered four doses. Her child survived. Defendant further admitted serving time in jail after she failed to appear for two felony charges that were later reduced to misdemeanors. This was her only prior jail term. Acknowledging probation's recommendation of an upper term sentence, defendant requested a grant of probation to allow her to attend long-term drug treatment.

Following the arguments of counsel, the trial court remarked on the severity of the child endangerment reflected in the case. The court then denied defendant's request for probation and selected the upper term of six years. In so doing, the court noted defendant's significant prior record spanning almost 20 years, including her two recent felony convictions for which she was on probation at the time of the offense. Defendant did not object that the trial court's findings failed to comply with Penal Code[1] section 1170's amendments brought about by Senate Bill No. 567 (2021-2022 Reg. Sess.).

Defendant timely appealed and did not request a certificate of probable cause. Appellate briefing in this matter was completed on March 15, 2023.

---

[1]    Further undesignated statutory references are to the Penal Code.

3

## DISCUSSION

### I

### *Senate Bill No. 567*

Effective January 1, 2022, Senate Bill No. 567 (2021-2022 Reg. Sess.) altered the methodology for selecting an appropriate triad term. (§ 1170, subd. (b); Stats. 2021, ch. 731, § 1.3.) Pursuant to Senate Bill No. 567, when a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the trial court must impose a term not exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term exceeding the middle term and the facts underlying those aggravating circumstances (1) have been stipulated to by the defendant, (2) have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial, or (3) relate to the defendant's prior convictions and are based on a certified record of conviction. (§ 1170, subd. (b)(1)-(3); Stats. 2021, ch. 731, § 1.3.)

The parties agree that remand for resentencing is required in light of these legislative changes. We do not agree. Here, the trial court selected an upper term sentence more than 11 months *after* Senate Bill No. 567's effective date, and defendant did not object to the court's noncompliance with the changes brought about by that legislation. (Stats. 2021, ch. 731, eff. Jan. 1, 2022.) Therefore, defendant forfeited this argument. (*People v. Scott* (1994) 9 Cal.4th 331, 351; *People v. Flowers* (2022) 81 Cal.App.5th 680, 683-684, review granted Oct. 12, 2022, S276237.)

Recognizing her forfeiture, defendant alternatively argues her counsel was ineffective for not raising the issue at the December 12, 2022 sentencing hearing.[2] "[T]o establish a claim for ineffective assistance of counsel, a defendant must show that his or her counsel's performance was deficient and that the defendant suffered prejudice as a

---

[2] The People's briefing does not acknowledge this forfeiture.

4

result of such deficient performance." (*People v. Mickel* (2016) 2 Cal.5th 181, 198; see *Strickland v. Washington* (1984) 466 U.S. 668, 687-692.)  To demonstrate prejudice, a defendant must show "a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*Mickel*, at p. 198.)  We presume "that counsel's actions fall within the broad range of reasonableness, and [we] afford 'great deference to counsel's tactical decisions.' " (*Ibid*.)

As our Supreme Court has observed, "[C]ertain practical constraints make it more difficult to address ineffective assistance claims on direct appeal rather than in the context of a habeas corpus proceeding." (*People v. Mickel*, *supra*, 2 Cal.5th at p. 198.)  This is because "[t]he record on appeal may not explain why counsel chose to act as he or she did.  Under those circumstances, a reviewing court has no basis on which to determine whether counsel had a legitimate reason for making a particular decision, or whether counsel's actions or failure to take certain actions were objectively unreasonable." (*Ibid*.)  We will reverse only "if there is affirmative evidence that counsel had ' " 'no rational tactical purpose' " ' for an act[] or omission." (*Ibid*.; see *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266 [" ' "[if] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected' "].)  A defendant thus bears a difficult burden when asserting an ineffective assistance claim on direct appeal. (*Mickel*, at p. 198.)

Here, the record is silent as to defense counsel's reasons, if any, for failing to object to the imposition of an upper term sentence in light of Senate Bill No. 567.  Defendant argues there was no reasonable tactical basis for counsel's failure to object and demand compliance with amended section 1170 subdivision (b)'s requirements.  We disagree.

5

Defendant's challenge focuses on part of the trial court's explanation for imposition of the upper term, arguing defendant's criminal history dating back nearly two decades was not established in compliance with the amended law. However, the probation report recounted defendant's prior criminal history at length, and defendant did not invoke the procedure for challenging factual disputes in probation reports. (See § 1203; Cal. Rules of Court, rule 4.437(c)(2), (e).) Nor does the record suggest an inaccuracy in the probation department's description of the length of her criminal history or that defense counsel failed to verify that history. (See, e.g., *In re Brown* (2013) 218 Cal.App.4th 1216, 1223 [criminal defense attorney's first duty is to investigate the facts and law relevant to a client's case, including prior convictions].) Therefore, it is reasonable to presume defense counsel had verified that history and determined that a Senate Bill No. 567 objection requiring the admission of a certified criminal record would have merely prolonged the proceeding, but not altered its outcome. Defendant therefore has not established ineffective assistance. (See, e.g., *People v. Price* (1991) 1 Cal.4th 324, 387 [defense "[c]ounsel does not render ineffective assistance by failing to make . . . objections that counsel reasonably determines would be futile"].)

II

*Defendant's Parole Term*

Defendant requests we clarify the record to correct the trial court's inaccurate statement at sentencing that she would be subject to parole for up to three years following her release from custody. We agree that the trial court misinformed defendant concerning her term of parole, but we disagree that this mistake requires any affirmative action by this court.

California Rules of Court, rule 4.433(e)(1) requires that a judge imposing a prison sentence "must inform the defendant" "of the parole period provided by section 3000 to be served after expiration of the sentence." Section 3000.01 governs periods of parole for individuals released from prison on or after July 1, 2020. (§ 3000.01, subd. (a).) It

6

limits, with exceptions not applicable here, the period of parole for an inmate serving a determinate term to two years. (§ 3000.01, subd. (b)(1).) Accordingly, the trial court misinformed defendant when it stated, "Upon her release from custody, the defendant will be on post custody supervision for a period of up to possibly three years."

However, "Parole is a statutorily mandated element of punishment, and neither the prosecution nor the sentencing court has authority to impose a prison sentence without parole or to alter the applicable period of parole established by the Legislature and imposed by the Board of Prison Terms." (*People v. Renfro* (2004) 125 Cal.App.4th 223, 232.) Therefore, while the trial court misinformed defendant of what it thought would be her parole term, we assume the court was aware that it had no authority to set a parole term different than that imposed by section 3000.01. (See *People v. Stowell* (2003) 31 Cal.4th 1107, 1114 ["we apply the general rule 'that a trial court is presumed to have been aware of and followed the applicable law' "].) Given this limited authority, we do not believe it is necessary to correct the trial court's misadvisement concerning the applicable period of parole.

DISPOSITION

The judgment affirmed.

/s/_____
ROBIE, Acting P. J.

We concur:

/s/_____
EARL, J.

/s/_____
McADAM, J.*

---

\*     Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution