Filed 6/23/23  P. v. Janda CA3

<u>NOT</u> <u>TO</u> <u>BE</u> PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOHNNY RAM SINGH JANDA,<br><br>Defendant and Appellant. | C096945<br><br>(Super. Ct. Nos. 20CF03300, 21CM01750, 21CF03198) |

In three separate cases, defendant Johnny Ram Singh Janda pleaded no contest to criminal threats, exhibiting a deadly weapon, carrying a dirk or dagger, and disobeying a court order.  On the principal term of criminal threats, the trial court sentenced defendant to the upper term of three years.

Defendant now contends (1) the trial court erred in sentencing him to the upper term in violation of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567) (Pen. Code, § 1170, subd. (b);[1] Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022); (2) if he forfeited the first argument, his counsel was ineffective in failing to object; and (3) we should correct the trial court's inaccurate statement that defendant would be subject to parole for three years following his release from custody.

We conclude (1) defendant forfeited the challenge based on Senate Bill 567, (2) he has not established ineffective assistance, and (3) because the trial court's comment regarding parole was not part of the imposed sentence, it requires no further action on our part. We will affirm the judgment.

BACKGROUND

Because the parties stipulated to the probation report as the factual basis for defendant's pleas, we take the facts from that report.

In case No. 20CF03300, defendant threatened to kill his father with a knife in July 2020. Specifically, defendant was under the influence of drugs, picked up a kitchen knife, thrust it at his father, and said "I'm going to kill you . . . ." The complaint, later deemed an information, charged defendant with criminal threats (§ 422, subd. (a)) and exhibiting a deadly weapon (§ 417, subd. (a)(1)).

In case No. 21CM01750, defendant violated the protective order issued in the prior case by telling his father he was going to kill his father's wife (defendant's mother) in March 2021. The complaint in that case charged defendant with disobeying a court order. (§ 166, subd. (a)(4).)

In case No. 21CF03198, defendant was kneeling on the sidewalk in front of his home in June 2021. A responding officer found an eight-inch chef's knife in his right

---

[1] Undesignated statutory references are to the Penal Code.

2

front pants pocket.  The complaint in that case charged defendant with carrying a dirk or dagger (§ 21310) and disobeying a court order (§ 166, subd. (a)(4)).

On July 28, 2021, pursuant to a plea agreement, defendant pleaded no contest to criminal threats (§ 422) and exhibiting a deadly weapon (§ 417, subd. (a)(1)) in case No. 20CF03300; disobeying a court order (§ 166, subd. (a)(4)) in case No. 21CM01750; and carrying a dirk or dagger (§ 21310) and disobeying a court order (§ 166, subd. (a)(4)) in case No. 21CF03198.  The trial court informed defendant his maximum potential sentence under the agreement was three years eight months, and defendant said he understood.

At a sentencing hearing on September 7, 2022, the trial court indicated a tentative sentence and heard from counsel, defendant, and the victim.  The trial court then said: "[Defendant] didn't stipulate to the existence of aggravating factors, nor did the jury find aggravating factors to be true; however, the court here, nonetheless, finds that aggravating circumstances outweigh the circumstances in mitigation.  [¶]  In aggravation, his prior convictions as an adult are numerous.  He has served prior prison terms.  He was on probation when he picked up new criminal offenses.  [¶]  In mitigation, it does appear to the court that much of [defendant's] issues with substance abuse are related to his service in the military."

The trial court sentenced defendant as follows:  the upper term of three years for the criminal threats (§ 422), a concurrent six-month term for exhibiting a deadly weapon (§ 417, subd. (a)(1)), a consecutive eight-month term (one-third the middle term) for carrying a dirk or dagger (§ 21310), a concurrent one-year term for disobeying a court order (§ 166, subd. (a)(4)), and a concurrent one-year term for disobeying a court order (§ 166, subd. (a)(4)).  The trial court stated:  "He'll be on parole for three years following his release."

DISCUSSION

I

Defendant argues we must remand the matter for resentencing because the trial court sentenced him to the upper term in violation of section 1170, subdivision (b) as modified by Senate Bill 567.

Senate Bill 567 became effective January 1, 2022. (Stats. 2021, ch. 731; Cal. Const., art. IV, § 8, subd. (c).) The legislation generally prohibits a trial court from imposing an upper term sentence except where there are circumstances in aggravation of the crime that justify imposing the upper term and the facts underlying those circumstances (1) have been stipulated to by the defendant, or (2) have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. (§ 1170, subd. (b)(1), (2), as amended by Stats. 2021, ch. 731, § 1.3.)

The record shows defense counsel, the prosecutor, and the trial court were aware of Senate Bill 567 during the sentencing hearing because the presentence probation report referenced the change brought about by the new legislation. The report stated: "The middle term is now recommended due to the sentencing constraints that have gone into effect since the original sentencing date on December 1, 2021." Further, at sentencing, the trial court expressly stated defendant "didn't stipulate to the existence of aggravating factors, nor did the jury find aggravating factors to be true; however, the court here, nonetheless, finds that aggravating circumstances outweigh the circumstances in mitigation." The trial court indicated awareness of the new sentencing requirements.

Defendant could have, but did not, object to the upper term sentence. His failure to object forfeited the appellate challenge here. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 [" 'Claims of error relating to sentences "which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner" are waived on appeal if not first raised in the trial court.' " (Italics omitted.)].)

4

## II

Anticipating forfeiture, defendant argues his trial counsel was ineffective in failing to object to the aggravated term.

To establish a claim of ineffective assistance of counsel, defendant must prove that (1) trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficiency resulted in prejudice to defendant. (*People v. Mai* (2013) 57 Cal.4th 986, 1009 (*Mai*); *Strickland v. Washington* (1984) 466 U.S. 668, 687-688.)

"On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*Mai, supra*, 57 Cal.4th at p. 1009.)

The record here is silent as to counsel's reasons for not objecting to the upper term sentence. Defense counsel was not asked on the record for his reason, nor does the record contain any affirmative evidence counsel had no rational tactical purpose for refusing to object. We surmise there could have been a legitimate reason why defense counsel may have chosen not to object.

Section 1203 mandates that a presentence probation report be made available to the court and the prosecuting and defense attorneys at least five days prior to the hearing. (§ 1203, subd. (b)(2)(E).) The report referenced defendant's prior convictions, prior prison terms, and probation violations. It indicated that defendant was on probation at the time of the current offense. There is no indication defense counsel did not receive the report and did not fully investigate the report and its attachments prior to the hearing. (*In re Brown* (2013) 218 Cal.App.4th 1216, 1223.)

Defense counsel could have concluded that in light of the probation report, objecting under Senate Bill 567 would accomplish nothing more than requiring the

prosecution to introduce certified records matching what the probation report already detailed.  (*Burt v. Titlow* (2013) 571 U.S. 12, 22 [under *Strickland*, "counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment' "].)  In other words, defense counsel reasonably could have determined that raising a Senate Bill 567 objection would merely prolong the sentencing proceeding but would not change the ultimate outcome.  (*People v. Price* (1991) 1 Cal.4th 324, 387 [defense counsel does not render ineffective assistance of counsel by declining to make objections that counsel reasonably determines would be futile].)  Indeed, although defense counsel urged treatment for his client, defense counsel conceded that the prosecution's recommendations were otherwise appropriate.  Because we cannot exclude a reasonable tactical basis for the absence of an objection, defendant has failed to carry his burden on direct appeal to show his counsel provided ineffective assistance.

### III

In addition, defendant asks us to correct the trial court's statement at sentencing that defendant would be on parole for three years following his release from custody.

Section 3000.01 governs periods of parole for individuals released from state prison on or after July 1, 2020.  (§ 3000.01, subd. (a).)  It limits, with exceptions not applicable here, the period of parole for an inmate serving a determinate term to two years.  (§ 3000.01, subd. (b)(1).)  The trial court made a misstatement when it said that defendant would be on parole for three years.

Nevertheless, parole "is a statutorily mandated element of punishment, and neither the prosecution nor the sentencing court has authority to impose a prison sentence without parole or to alter the applicable period of parole established by the Legislature and imposed by the Board of Prison Terms."  (*People v. Renfro* (2004) 125 Cal.App.4th 223, 232.)  We assume the trial court was aware it had no authority to set a parole term different than that imposed by section 3000.01.  (See *People v. Stowell* (2003) 31 Cal.4th

6

1107, 1114 [a trial court is presumed to have been aware of and followed the applicable law].) Given the trial court's limited authority, we interpret its comment regarding parole as merely an attempt to inform defendant of the additional consequences of his conviction. We conclude the comment requires no further action on our part.

DISPOSITION

The judgment is affirmed.

/S/
MAURO, J.

We concur:

/S/
ROBIE, Acting P. J.

/S/
RENNER, J.