Filed 6/12/24  P. v. Hatfield CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C098586 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF22-01716) |
| v. | |
| RICHARD HAROLD HATFIELD, | |
| Defendant and Appellant. | |

Defendant Richard Harold Hatfield pled no contest to one count of sexual battery (Pen. Code, § 243.4, subd. (a)).[1]  The trial court imposed the upper term of four years. On appeal, Hatfield contends that the trial court erred in imposing the upper term because there was no jury or court trial, stipulation to any aggravating circumstances, or certified record of conviction.  Anticipating we might find this claim forfeited by counsel's failure to object, he also argues counsel was ineffective.  We conclude that Hatfield forfeited his

---

[1]     Undesignated statutory references are to the Penal Code.

claims on appeal and has failed to meet his burden to demonstrate ineffective assistance of counsel. We will affirm the judgment.

## FACTUAL BACKGROUND

In March 2023, Hatfield pled no contest to one count of sexual battery. He stipulated to the following factual basis: "[O]n or about August 10th of 2022, the defendant met the victim . . . at the Motel 6 in Yuba County. On that date in the morning time, the defendant did approach [the victim] . . . and jumped on top of [her], taking her pants off, and touched her in an intimate area, her vagina, which was against her will." A probation report listed 10 prior felony convictions that occurred between 2001 and 2021 and five prior prison terms. The probation report also identified several aggravating circumstances, which included: (1) defendant's prior convictions as an adult are numerous (Cal. Rules of Court, rule 4.421(b)(2)); and (2) defendant served prior prison terms (Cal. Rules of Court, rule 4.421(b)(3)). The trial court read and considered the probation report prior to sentencing.

At sentencing in May 2023, the trial court restated Hatfield's criminal history per the probation report. Hatfield responded that he only had two prison terms. When the trial court listed each of Hatfield's prior felony convictions and prison terms, Hatfield apologized and said he was wrong. Both Hatfield and defense counsel agreed that the trial court's recitation of Hatfield's criminal history per the probation report was correct. "[D]espite [Hatfield's] lengthy criminal history," defense counsel argued for the lower term because Hatfield: suffered from mental illness that diminished his mental capacity; was under the influence of controlled substances at the time of the current offense; and resolved the matter early in the proceedings. Based in part on Hatfield's "very long

criminal history," the People requested the upper term. Defense counsel noted that "there was no *Apprendi*[2] waiver at the time of entry of plea" and submitted.

The trial court acknowledged that there was no *Apprendi* waiver and stated, "Before, under the previous *Apprendi/Blakely*[3] law, the Court could find upper term for a limited amount of reasons and that would be prison terms, and they've been shown in the probation report here, and prior felony convictions. And both of those are present in this case." Defense counsel did not object. Finding that the upper term was appropriate, the trial court sentenced Hatfield to four years. The trial court stated: "I'm basing my assessment on the facts in the probation report, which are true. They were confirmed to be the number of felony convictions and prison terms that he has." Again, defense counsel did not object.

## DISCUSSION

Prior to January 1, 2022, section 1170, subdivision (b) stated: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court." (Stats. 2020, ch. 29, § 14.) However, the Legislature amended section 1170 via Senate Bill No. 567 (2021-2022 Reg. Sess.) to now require a trial court, in its sound discretion, to impose the lower or middle term, unless there are "circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) "[T]he court may consider the defendant's prior

---

2    *Apprendi v. New Jersey* (2000) 530 U.S. 466.

3    *Blakely v. Washington* (2004) 542 U.S. 296.

3

convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

On appeal, Hatfield contends that the trial court erred in imposing the upper term. He argues that remand for resentencing is required because a probation report does not meet the statutory requirements of a certified record of conviction under section 1170, subdivision (b)(3), and there was no stipulation or a jury finding that any aggravating factors were true beyond a reasonable doubt. The People argue that Hatfield forfeited his claims of sentencing error by not raising them in the trial court. Hatfield responds that his counsel adequately preserved the issues when, in response to the trial court's intention to impose the upper term, he stated that there was no *Apprendi* waiver. Alternatively, Hatfield argues that his counsel provided ineffective assistance by failing to object.

I

*Forfeiture*

"As a general rule, a party who does not raise an argument below forfeits the argument on appeal." (*In re Abram L.* (2013) 219 Cal.App.4th 452, 462.) This rule "applies in the context of sentencing as in other areas of criminal law." (*In re Sheena K.* (2007) 40 Cal.4th 875, 881.) However, "the objection will be deemed preserved if, despite inadequate phrasing, the record shows that the court understood the issue presented." (*People v. Scott* (1978) 21 Cal.3d 284, 290.)

Before the trial court stated that it intended to impose the upper term, defense counsel stated that there was no *Apprendi* waiver. The trial court responded that "under the previous *Apprendi/Blakely* law, [it] could find upper term for a limited amount of reason," including prior prison terms and felony convictions, and noted that both were detailed in the probation report. Generally, "*Apprendi v. New Jersey*[*, supra*,] 530 U.S. 466 . . . holds that, under the Sixth Amendment, 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' [Citation.] In *Blakely v. Washington*[*, supra*,] 542 U.S. 296,

4

the high court extended the scope of *Apprendi* by defining 'statutory maximum' as the 'maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.' " (*People v. Scott* (2015) 61 Cal.4th 363, 404)

To the extent defense counsel's statement that there was no *Apprendi* waiver apprised the trial court that Hatfield did not waive a jury trial, Hatfield was not entitled to one on the aggravating circumstances related to his prior convictions. (*People v. Pantaleon* (2023) 89 Cal.App.5th 932, 937.) "[T]he right to a jury trial does not apply to the determination of the aggravating circumstance that '[t]he defendant's prior convictions . . . are numerous or of increasing seriousness.' (Cal. Rules of Court, rule 4.421(b)(2).)" (*People v. Towne* (2008) 44 Cal.4th 63, 75, citing *People v. Black* (2007) 41 Cal.4th 799, 818-820.) The trial court is permitted to decide whether a defendant's convictions are " 'numerous or of increasing seriousness.' " (*Towne*, at p. 76.) Likewise, the trial court may decide whether the defendant had served a prior prison term. (*Id.* at pp. 70-71, 79-82.) Accordingly, we conclude the trial court adequately addressed defense counsel's objection regarding *Apprendi* by stating that prior prison terms and prior felony convictions are an exception to the jury trial requirement. We do not interpret this colloquy as an objection premised on section 1170, subdivision (b)(2) or (3).

Further, the trial court sentenced Hatfield in May 2023, long after the amendments to section 1170 came into effect. Defense counsel did not object when the trial court stated it intended to impose the upper term. Nor did defense counsel object when the trial court stated it based its decision on the criminal history in the probation report and Hatfield's confirmation of that criminal history. Hatfield did not dispute that his prior convictions were numerous or that he served prior prison terms. Instead, Hatfield stated that the probation report accurately detailed his criminal history and acknowledged he had a "lengthy criminal history." Because he failed to object in the trial court to the adequacy of the evidence of his criminal history, Hatfield has forfeited the issue on appeal. (See *People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 [" '[c]laims of error

5

relating to sentences "which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner" are waived on appeal if not first raised in the trial court' " (italics omitted)].)

## II

### *Ineffective Assistance of Counsel*

Anticipating we would find Hatfield forfeited his claims on appeal, he alternatively argues that his counsel provided ineffective assistance of counsel by failing to object. To establish a claim of ineffective assistance of counsel, Hatfield must prove that (1) trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficiency resulted in prejudice to him. (*People v. Mai* (2013) 57 Cal.4th 986, 1009; *Strickland v. Washington* (1984) 466 U.S. 668, 687-688.) A reviewing court may reject a claim of ineffective assistance of counsel without addressing both components if a defendant makes an insufficient showing as to either prong. (*Strickland*, at p. 697.) "On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*Mai*, at p. 1009.)

The record here is silent as to counsel's reasons for not objecting to the upper term sentence based on lack of court trial, stipulation, or certified record. Defense counsel was not asked on the record for his reason, nor does the record contain any affirmative evidence counsel had no rational tactical purpose for refusing to object. We surmise there could have been a legitimate reason why defense counsel may have chosen not to object.

Section 1203 mandates that a presentence probation report be made available to the court and the prosecuting and defense attorneys at least five days prior to the hearing. (§ 1203, subd. (b)(2)(E).) The report detailed Hatfield's multiple prior convictions and

6

prior prison terms. There is no indication defense counsel did not receive the report and did not fully investigate the report and its attachments prior to the hearing. (*In re Brown* (2013) 218 Cal.App.4th 1216, 1223.)

Defense counsel could have concluded that in light of the probation report, objecting based on lack of stipulation to the criminal record, certified record, or court trial would accomplish nothing more than requiring the prosecution to introduce certified records matching what the probation report already detailed. (*Burt v. Titlow* (2013) 571 U.S. 12, 22 [under *Strickland*, "counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment' "].) In other words, defense counsel reasonably could have determined that raising such an objection would merely prolong the sentencing proceeding but would not change the ultimate outcome. (*People v. Price* (1991) 1 Cal.4th 324, 387 [defense counsel does not render ineffective assistance of counsel by declining to make objections that counsel reasonably determines would be futile].) Indeed, both defense counsel and Hatfield confirmed that the criminal history detailed in the probation report was correct. Because we cannot exclude a reasonable tactical basis for the absence of an objection, Hatfield has failed to carry his burden on direct appeal to show his counsel provided ineffective assistance.

**DISPOSITION**

The judgment is affirmed.

                             /s/
                           EARL, P. J.

We concur:

    /s/
ROBIE, J.

    /s/
FEINBERG, J.